IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES, § | |
|     PLAINTIFF, § | |
| § | |
| v. § | CASE NO. 3:22-CV-994-N-BK |
| § | |
| $34,200 IN US CURRENCY, § | |
|     DEFENDANT, § | |
| § | |
| DARREL ROSE, § | |
|     CLAIMANT. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and the district judge's *Order of Reference*, Doc. 7, this case has been referred to the undersigned United States magistrate judge for pretrial management. Now before the Court is Plaintiff's *Motion to Strike Answer for Lack of Standing*. Doc. 9. For the reasons that follow, the motion should be **GRANTED**, and Darrel Rose's claim should be **DISMISSED**.

**I. BACKGROUND**

Plaintiff alleges in its *Verified Complaint for Forfeiture in Rem* that in November 2021, the Drug Enforcement Administration ("DEA") seized $34,200.00 in United States currency (the "Property") from Darrel Rose ("Rose") at Dallas-Fort Worth International Airport. Doc. 1 at 3-6. In January 2022, Rose filed an administrative claim with the DEA for the return of the Property. Doc. 1 at 2.

In May 2022, Plaintiff filed this *in rem* action against the Property, alleging that it is subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) (governing forfeitures related to a violation

of the Travel Act), 18 U.S.C. § 1952, and 21 U.S.C. § 881(a)(6) (governing forfeitures related to drug trafficking). Doc. 1 at 7-9. On or about August 8, 2022,[1] Plaintiff provided notice to Rose of the instant action, as required by Supplemental Rule G(4)(b) of the Federal Rule of Civil Procedure.[2] Doc. 9 at 2. A month later, Rose filed an answer. Doc. 6. To date, however, Rose has not filed the requisite verified claim for the Property or responded to the instant motion.

## II. APPLICABLE LAW and ANALYSIS

The Supplemental Rules to the Federal Rules of Civil Procedure govern when a claimant declares an interest in the named property in a forfeiture complaint. *United States v. $26,535.00 in U.S. Currency*, No. 1:18-CV-350, 2019 WL 1030554, at *2 (E.D. Tex. Feb. 15, 2019) (citing 18 U.S.C. § 983(4)(A)), *adopted by*, 2019 WL 1028130 (E.D. Tex. Mar. 1, 2019). Under Supplemental Rule G(5)(a), "[a] person who asserts an interest in the defendant property must contest the forfeiture by filing a claim in the court where the action is pending . . . by the time stated in [the] direct notice sent under Rule G(4)(b)." FED. R. CIV. P. SUPP. R. G(5)(a). The claim must "be signed by the claimant under penalty of perjury." FED. R. CIV. P. SUPP. R. G(5)(a)(i)(C).[3] Upon the filing of a verified claim, a party achieves statutory standing and may

---

[1] The notice recites that it was sent on Saturday, August 6, 2022, Doc. 9-1 at 1, but the Government prudently calculates notice from the first weekday that followed, Monday, August 8, 2022, , Doc. 9 at 1.

[2] Supplemental Rule G(4)(b) states that "[t]he government must send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B). The notice must state . . . a deadline for filing a claim, at least 35 days after the notice is sent." FED. R. CIV. P. SUPP. R. G(4)(b).

[3] Within 21 days of filing a verified claim, "a claimant must serve and file an answer to the complaint or a motion under [Federal Rule of Civil Procedure] 12." FED. R. CIV. P. SUPP. R. G(5)(b).

only then pursue a claim for the defendant property on the merits. *United States v. $33,890.00, More or Less, in U.S. Currency*, No. A-15-CV-037-LY-Ml, 2015 WL 5793928, at *2 (W.D. Tex. Oct. 1, 2015) (citing *Cactus Pipe & Supply Co., Inc. v. M/V Montmartre*, 756 F.2d 1103, 1114 (5th Cir. 1985)), *adopted by*, 2015 WL 13804746 (W.D. Tex. Oct. 29, 2015). "Failure to comply with the procedural requirements therefore leaves a claimant without standing to challenge the forfeiture." *$26,535.00 in U.S. Currency*, 2019 WL 1030554, at *2 (citation omitted). If a claimant lacks statutory standing, the government may move to strike his answer for failing to comply with the Supplemental Rules. FED. R. CIV. P. SUPP. R. G(8)(c).

Here, Plaintiff provided Rose notice of this action on August 6, 2022; said notice also advised Rose of the requirement that he file a verified claim within 35 days or risk forfeiture of the Property. Doc. 9-1 at 1-2. As such, Rose had until September 12, 2022, to file a verified claim. However, Rose failed to comply with statutory procedure and instead filed an answer to Plaintiff's complaint. Thus, Rose lacks statutory standing to claim an interest in the Property. *$26,535.00 in U.S. Currency*, 2019 WL 1030554, at *2.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's *Motion to Strike Answer for Lack of Standing*, Doc. 9, should be **GRANTED**, and Rose's claim to the Property should be **DISMISSED**.

**SO RECOMMENDED** on May 19, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

3

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).